NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| ROBERT FRYAR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 09-2303 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| VERIZON WIREESS; VERIZON | : | |
| COMMUNICATIONS; DENNY STINGL; | : | |
| MARC C. REED; THOMAS MADSEN; | : | |
| IVAN G. SEIDENBERG; LOWELL C. | : | |
| MCADAM; and SHAYGAN | : | |
| KHERADPIR, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion to Dismiss and Motion for Partial

Summary Judgment of the defendants Verizon Wireless, Verizon Communications, Denny

Stingl, Marc Reid, Thomas Madsen, Ivan Seidenberg, Lowell C. McAdam, and Shaygan

Kheradpir (collectively "Defendants") (Doc. No. 7).  The Court has reviewed the parties'

submissions and decided the motions without oral argument pursuant to Federal Rule of Civil

Procedure 78.  For the reasons that follow the Court will grant in part and deny in part

Defendants' Motion to Dismiss and will grant Defendants' Motion for Partial Summary

Judgment.

I.      BACKGROUND

This matter involves the allegation of pro se plaintiff Robert Fryar ("Plaintiff") that his

employer, Verizon, discriminated against him in violation of Title VII of the Civil Rights Act of

1964 ("Title VII") and in violation of the Age Discrimination and Employment Act ("ADEA").

(Compl. ¶ 1; Doc. No. 1.)  He writes in his Complaint that the acts of discrimination occurred on

or about April 16, 2008, and that they are continuing.  He states that he filed charges with the

U.S. Division of Civil Rights on September 15, 2008, and the Equal Employment Opportunity

Commission ("EEOC") issued the attached Dismissal and Notice of Rights letter, which he

received on February 21, 2009.  (Id. at ¶5-8; Dismissal and Notice of Rights, Feb. 17, 2008; Doc.

No. 1 at 19.)  He states that his employment was terminated, that his employer failed to promote

him, and that Defendants "withheld over $196,960.72 of VAR funds . . . earned while employed

at Verizon Wireless."  (Id. at ¶ 9.)

Plaintiff, an African American, fifty-eight year old man, states that he was discriminated

against due to his race and age in the following ways.  (Id. at ¶ 10.)  He states that Verizon

Wireless claimed that he had poor work performance, but that claim has been refuted.  (Id.)  He

maintains that in August 2007, Brad Keller, Plaintiff's manager, gave him a "good" mid-year

evaluation.  (Id.)  However, he states that in September 2007, Dan Halinski, a manager at

Verizon Wireless, directed "various demeaning acts, and verbal profanity assaults" toward

Plaintiff.  (Id.)  Plaintiff notes that he complained about this treatment to Keller, but "nothing

was done to resolve the issue."  (Id.)  Plaintiff states that "[s]hortly after [his] complaint [he] was

removed from Project Lead and informed that Dan Halinski had insisted this change be made."

(Id.)  Plaintiff states that Devon Cranford was the other Project Lead, and she is white.  Plaintiff

states that when Verizon Wireless terminated Cranford "for her failures to live up to her

manager's performance expectations for the project she was . . .given a lucrative separation

package to leave Verizon." (Id.)  Plaintiff states that he was never given any such offer.  (Id.)

Plaintiff also states in his Complaint that he wrote a letter to the President of Verizon,

Denny Strigl, to express his concerns with respect to the treatment he received from

management.  (Id.)  Plaintiff never received a response.  (Id.)  Plaintiff states that he "never

received a poor performance rating until this incident began," and that he "was never fairly

compensated for [his work] as compared to [his] co-workers at Verizon Wireless."  (Id.)

Plaintiff asserts that while he "applied for several other opportunities at the organization," he was

"never given the opportunity to even interview for jobs which [he] was qualified for," and was

not given any "response, feedback or comments . . . [to explain] why [he] was not selected as a

candidate."  (Id.)

Defendants provided a copy of the Dismissal and Notice of Rights issued by the EEOC,

which indicated that "[b]ased on its investigation, the EEOC is unable to conclude that the

information obtained establishes violations of the statutes.  This does not certify that the

respondent is in compliance with the statutes.  No finding is made as to any other issues that

might be construed as having been raised by this charge."  (Dismissal and Notice of Rights; Doc.

No. 1 at 19.)

In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss or in the

alternative for Partial Summary Judgment on August 13, 2009, in lieu of answer.  (Doc. No. 7.)

In addition, Defendants filed a Certification of Service, which indicated that a copy of the motion

papers was sent to Plaintiff via regular and certified mail, return receipt requested. Plaintiff did

not file opposition.

## II.   DISCUSSION

### A.   Defendants' Arguments

Defendants argue that Plaintiff's Complaint should be dismissed for the following

reasons: (1) "All claims against the individual defendants should be dismissed because there is

no individual liability under Title VII or the ADEA;" and (2) "All claims against Verizon

Communications Inc. and Verizon Wireless (collectively the "corporate defendants") should be

dismissed because they were not named in the Charge filed by plaintiff with the [EEOC];" (3)

"Plaintiff's Complaint should be dismissed with respect to those claims for which he never filed

a charge of discrimination with the EEOC;" and (4) "Plaintiff's failure to promote claim fails

because he failed to file a timely charge of discrimination."  (Def.'s Br. at i, 1; Doc. No. 7-1.)

### B.   Standards of Review

#### 1.   Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what

the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a

motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550

U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully."  Id.

(citing Twombly, 550 U.S. at 556).  Although a court must accept as true all factual allegations in

a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id.

(quoting Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 231

(3d Cir. 2008)).   In evaluating a motion to dismiss, a court may consider only the complaint,

exhibits attached to the complaint, matters of public record, and undisputedly authentic

documents if the complainant's claims are based upon those documents.  See Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).


### 2.      Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hersh v. Allen Prods. Co.

Inc., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine

factual issues that properly can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)

(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist,

the court must view the underlying facts and draw all reasonable inferences in favor of the

non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer,

811 F.2d 225, 231 (3d Cir. 1987).


### C.      Analysis

#### 1.      Whether the Complaint should be dismissed as to the individual defendants

Defendants argue that "the Complaint should be dismissed as to defendants Strigl, Reed,

Seidenberg, McAdam, and Kheradpir because Title VII and the ADEA do not provide for

individual liability."  (Def.'s Br. at 3; Doc. No. 7-1.)   Defendants cite Sheridan v. E.I. DuPont de

Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996), cert. denied, 521 U.S. 1129 (1997), in

support of their argument.  The Court agrees.

The Third Circuit has examined Title VII and the ADEA and observed that "Congress did

not contemplate that such damages would be assessed against individuals who are not themselves

the employing entity" and that therefore, "Congress did not intend to hold individual employees

liable under Title VII."  Sheridan, 100 F.3d at 1077-78.  See also Francis v. Joint Force

Headquarters, 240 Fed. Appx. 534, 537 (3d Cir. 2007)(stating that "individual defendants were

not subject to suit under Title VII"); Tai Van Le v. Univ. of Pa., 321 F.3d 403, 408 n.3 (3d Cir.

2003).  Therefore, Defendants' Motion to Dismiss the individual defendants is granted on these

grounds.


#### 2.      Whether the Complaint should be dismissed as to the corporate defendants not named in the EEOC charge

Defendants argue that "Plaintiff did not name Verizon Communications Inc. or Verizon

Wireless in his EEOC Charge" and that therefore, "all claims against  Verizon Communications

Inc. or Verizon Wireless should be dismissed." (Def.'s Br. at 4.)  Defendants argue that in the

alternative, the Court should order that "plaintiff . . . amend his complaint to substitute Verizon

Data Services LLC and Cellco Partnership d/b/a Verizon Wireless, plaintiff's employers, as the

proper parties with respect to any remaining claims." (Id.)  Defendants cite Charlton v. Paramus

Bd. of Educ., 25 F.3d 194 (3d Cir. 1994) and Olsen v. Marshall & Ilsley Corp., 267 F.3d 597,

604 (7th Cir. 2001) in support of their arguments.

The Seventh Circuit has held that "[u]nder the law of [that] circuit, a parent organization

not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can

show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an

opportunity to conciliate on its own behalf." Olsen, 267 F.3d at 604 (citing Schnekkbaecher v,

Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989)).   Defendants have not directed the

Court to a Third Circuit matter on point.[1]

While Defendants assert in their brief that Plaintiff only named Verizon New Jersey Inc.

his EEOC Charge, this Court's review of the papers that Plaintiff filed in support of his

Complaint show that the named defendant in Plaintiff's EEOC papers is not consistent.  For

example, in the letter from the EEOC to Plaintiff dated September 12, 2008, it states that the

named defendant is "Verizon Communications Inc." (Doc. No. 1 at 11.)  In addition, in the

---

[1]      Defendants referenced Charlton, in which the Third Circuit affirmed the District
Court's dismissal of certain improperly named defendants "because the claims against them were
outside the scope of the . . . [EEOC] charges . . . or, alternatively, the authority they had over
Charlton was insufficient."  This holding is relevant to other points raised by Defendants, but it is
not instructive on this issue.

document entitled "CHARGING PARTY DETERMINATION AS TO CHARGE PROCESSING BY NJDCR," the named defendant is "Verizon Communications Inc." (Doc. No. 1 at 15.) Further, in the letter dated January 8, 2009, from the EEOC to Plaintiff, the defendant in the action is simply listed as "Verizon." (Doc. No. 1 at 17.) In the Notice of Suit that Plaintiff filed with the Court, the EEOC indicates that it sent a copy to the "Director of EEO Compliance" at "VERIZON." (Doc. No. 1 at 19.) Finally, in a letter dated March 19, 2009, from the Office of the Attorney General to Plaintiff, the named defendant is "Verizon New Jersey Inc." (Doc. No. 1 at 21.) Defendants have also provided a copy of the Charge of Discrimination that Plaintiff filed, which is stamped as having been received on September 19, 2008, in which it names "Verizon New Jersey Inc." as the name of Plaintiff's employer. The Court thus concludes that contrary to Defendants' assertion, based on the various names attributed to Plaintiff's employer in the several letters provided to the Court by both parties, Verizon Communications Inc. or Verizon's "Director of EEO Compliance" was at least on notice of the pending action and "had the opportunity to conciliate on its own behalf." Olsen, 267 F.3d at 604 (citation omitted). The Court also notes that Defendants have not provided this Court with any understanding regarding the various corporate entities or the corporate structure. Therefore, Defendants' Motion to Dismiss on this basis is denied.

### 3. Whether Plaintiff's claims not raised as a basis of discrimination before the EEOC should be dismissed

Defendants argue that "Plaintiff's Complaint should be dismissed with respect to those claims for which he never filed a charge of discrimination with the EEOC." (Def.'s Br. at 4.)

Defendants list the following claims that should be dismissed on this basis: "(1) termination from his employment with Verizon Wireless on December 31, 2007, (2) withholding of Verizon Wireless VAR funds, (3) failure to provide notice of rights and benefits, (4) failure to offer a separation package, (5) failure to fairly compensate, and (6) discrimination on the basis of color." (Id. at 6.)

In order to bring a Title VII action in federal court, a litigant must first file a charge with the EEOC sufficient to put the EEOC on notice of the particular claims. See Anjelino v. N.Y. Times Co., 200 F.3d 73, 93 (3d Cir.1999); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997). The court must determine whether the claims at issue fall within the scope of the prior EEOC complaint, or the investigation arising therefrom. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996). It is a basic tenet of administrative law that a Plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief. McKart v. United States, 395 U.S. 185 (1969).

"Title VII makes it unlawful for an employer 'to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin.'" Davis v. City of Newark, No. 04-5317, 2006 U.S. Dist. LEXIS 63308, at *17 (D.N.J. Aug. 31, 2006) (quoting 42 U.S.C. § 2000e-2(a)(1)). To set forth a prima facie case of discrimination under Title VII, Plaintiff must allege that "1) []he belongs to a protected class; 2) []he was qualified for the position; 3) []he suffered an adverse employment action; and 4) the adverse action occurred under circumstances that give rise to an inference of discrimination." Davis, 2006 U.S. Dist. LEXIS 63308, at *27 (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); McDonnell Douglas

Corp.  v. Green, 411 U.S. 792, 802 (1973)).

In addition, the ADEA prohibits employers from discriminating against employees on the

basis of age.  29 U.S.C. § 623(a).  However, before filing a law suit pursuant to the ADEA, a

plaintiff must first satisfy the jurisdictional requirements: (i) "by filing timely charges of

employment discrimination with the Commission;" and (ii) "by receiving and acting upon the

Commission's statutory notice of the right to sue."  McDonnell Douglas, 411 U.S. at 798.  These

jurisdictional requirements exist to encourage resolution through conciliation rather than through

formal court action.  Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976).

Plaintiff's Charge of Discrimination indicates that he believed he was discriminated

against based on race, age, and retaliation.  (Ex. A., attach. to Gousman Decl., Aug. 13, 2009;

Doc. No. 7-2 at 3.)  He writes:

> I began working for the above employer in 1999.  My most recent position
> was that of Senior Member of Tech Services; I am the only black man at my level
> is this department.  Throughout my employment I have been denied promotion to
> a management level job in the skill set for which I was hired.  In addition, I have
> been subjected to abusive and hostile language, which I complained of.  In
> retaliation, I was forced to work with the person who I complained about, and had
> to rely on this person in order to complete my tasks.  On April 16, 2008 I was
> discharged from my position; no reason was given.

(Id.)

Turning first to Defendants' argument that Plaintiff's claim should be dismissed with

respect to his "termination from his employment with Verizon Wireless on December 31, 2007,"

the Court notes that Plaintiff's pro se Complaint states two dates that he was allegedly

terminated: December 31, 2007, and April 16, 2008.  (Compl.¶ 9.)  Plaintiff's Charge of

Discrimination stated that he was discharged on April 16, 2008, but obviously, an investigation

of his termination would reveal the exact date on which he was let go, and is therefore, certainly within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz, 541 F.2d at 398-99.  The Court thus denies Defendants' Motion on this point.

Second, Defendants argue that the allegation that Verizon withheld Plaintiff's salary/benefits called "VAR funds" should be dismissed.  In his Complaint, Plaintiff states that "Verizon . . . withheld over $196,960.72 of VAR funds I had earned while employed at Verizon Wireless" and that he received a letter dated May 16, 2008, that he "was not going to receive [his] funds." (Compl. ¶ 9.)  Plaintiff made no mention whatsoever of these funds or the withholding of these funds in his Charge of Discrimination, and while he stated a claim for retaliation, the retaliation he claimed involved forcing him to work with the person about whom he complained.  Therefore, the Court concludes that this issue would have fallen outside of the scope of a reasonable EEOC investigation.  Accordingly, the Court grants Defendants' Motion on this issue.

Defendants also argue that Plaintiff's claim that his employer failed to provide notice of rights and benefits and failed to offer a separation package should be dismissed.  The Court disagrees.  Plaintiff's Charge of Discrimination states that "no reason was given" for his dismissal.  Taking Plaintiff's statements as true for the purpose of this Motion, a reasonable investigation into this statement would have revealed that no information at all was given to him upon his termination.  Therefore, the Court denies Defendants' Motion regarding these claims.

Further, Defendants argue that Plaintiff's claim that his employer failed to fairly compensate him should be dismissed as the issue was not raised before the EEOC.  The Court

disagrees. Plaintiff asserted in his Charge of Discrimination that he was "the only black man at

[his] level in []his department" and that "[t]hroughout [his] employment [he has] been denied

promotion to a management level job in the skill set for which [he] was hired."  A reasonable

EEOC investigation into these allegations would fairly lead to an inquiry about how much he was

paid to do his job and whether the fact that he was "the only black man at [his] level" impacted

that salary amount.  The Court concludes that this issue falls in the outer regions of what would

be within the scope of a reasonable investigation.  However, because Defendants have not

provided the Court with any case law to support the conclusion that such an inquiry clearly lies

outside of the scope of an investigation, the Court will allow the claim to proceed.  Accordingly,

the Court denies Defendants' Motion on this point.

Finally, Defendants argue that Plaintiff never stated a claim of discrimination based on

"color" and accordingly, any claim made now should be dismissed.  While the Court notes that

Plaintiff did not mark the box next to "Color" on his Charge of Discrimination, he indeed marked

the box next to "Race."  Defendants have not stated the relevancy of his failure to mark the

"Color" box or any case law regarding the practical implication of that failure, considering this

context and considering that Plaintiff marked the "Race" box.  The Court therefore denies

Defendants' Motion.

### 4.       Whether Plaintiff's failure to promote claim should be dismissed due to his failure to file a timely Charge of Discrimination

Defendants argue that Plaintiff failed to file a timely charge of discrimination with respect

to his allegation that his employer failed to promote him as a result of a discriminatory animus.

Defendants argue that "Plaintiff did not apply for and was not denied any promotions on or after November 20, 2007," and therefore, his Charge of Discrimination, which was filed on September 25, 2008, was filed more than 300 days after the alleged failure to promote.  (Def.'s Br. at 6.)

"Title VII and ADEA plaintiffs . . . who file in deferral states, must submit their administrative discrimination charge within 300 days of the challenged employment action." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  New Jersey is a deferral state, which means it has "an agency authorized to grant relief for federally prohibited employment discrimination." Id.  "Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim."  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

Here, pro se Plaintiff does not state in the Complaint either when he applied for a promotion or when he was denied a promotion.   Plaintiff states only in the Complaint that he has "applied for several other opportunities at the organization" but was not "given the opportunity to even interview."  (Compl. ¶ 10.)  He also asserted in his Charge of Discrimination that "[t]hroughout [his] employment [he has] been denied promotion to a management level job in the skill set for which [he] was hired."  (Charge of Discrimination; Doc. 7-2 at 3.)  However, Defendants have provided their Rule 56.1 Statement of Uncontested Facts, pursuant to Local Civil Rule of Procedure 56.1(a),[2] in which they assert the following:

    1.     Plaintiff was employed by Verizon Data Services LLC from January 1, 2008 until

---

[2]     Although Defendants' 56.1 Statement is inappropriate in format as it has not been provided to the Court in a document "separate and apart from the legal briefs," Allyn Z. Lite, New Jersey Federal Practice Rules 258 (2010), L. Civ. R. 56.1 comment 2b, with respect to this limited issue the Court will nevertheless consider the 56.1 Statement in support of Defendants' Motion for Partial Summary Judgment.

> April 16, 2008 and did not apply for and was not denied any promotions by Verizon Data Services LLC.  (Brug Certif. ¶ 4).
>
> 2.      During his employment with Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), plaintiff applied for three positions between August 2005 and January 2007.  (Muddu Certif. ¶ 3).
>
> 3.      Plaintiff did not apply for and was not advised that he was not selected for any positions with Verizon Wireless on or following November 20, 2007.  (Muddu Certif. ¶ 4).

(Def.'s Br. at 3) (footnotes omitted).  Local Rule of Civil Procedure 56.1 states in part that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."  Plaintiff did not file any opposing papers, and thus the Court concludes that these three facts are deemed undisputed.

Therefore, it is uncontested that Plaintiff neither applied for a promotion nor was denied promotion during the 300 days prior to filing his Charge of Discrimination with the EEOC, that is, between on or about November 24, 2007, and September 19, 2008.   Therefore, because Plaintiff, according to the undisputed facts, could not have been discriminated against in a determination regarding a promotion within the 300 day statutory window, the Court will grant partial summary judgment in favor of Defendants on this issue.

III.     CONCLUSION

For the above reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss and grant Defendants' Motion for Partial Summary Judgment.  An appropriate form of order is filed herewith.

Dated: February 1, 2010


                                          s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.